By the Court.
Sedgwick, Ch. J.
Happily, families to the extent of a great majority of them, are not afflicted with the disorders that have made the subject of this action. Yet as a crime may be so frequent that a particular instance of it may properly be said to present no new feature, the conditions of this case are not new. They have been often investigated in courts of record, more often in police and district courts. There are no questions of law that need elaborate argument. The devices of cross-examination, peculiar to them, are familiarly known. They present no uncommon kind of action of human nature. There is the ordinary exaggeration of statements as to fact by the parties, and their partisan witnesses. If not specifically called upon by counsel to make proper deductions from this exaggeration, the tribunal would spontaneously make them. The proper forensic treatment of issues of this kind is so well known that, in a sense, it is mechanical. It is common experience that cases of this ldnd, in their beginning, have the appearance of presenting a great mass of matter for investigation, when a guarded and judicious treatment of them in the beginning, will show that the appearance is due to over-statement or mis-statement, and coloring, and that the issue turns upon a few points.
The plaintiff should claim enough to enable her to compensate counsel in ascertaining the material facts of *365 the case. What cannot be successfully denied should not be the subject of protracted .litigation. There are many incidents in the case that call for the assertion that no provision should be made for legal services, excepting for those necessary to investigate the merits of the issues, and for none that may be used to protract litigation or to litigate for the gratification of animosity. When it clearly appears that a party has no case or no defense, a court may, in its discretion, refuse to make an allowance. When this does not clearly appear, the discretion of the court should consider that in the end the party directed to pay money may be shown to be in the right, and should provide, as far as possible, for such a contingency. In so providing, it should find what has been and what will be the quantum, and kind of litigation sufficient for the proper investigation of the issues. All cases should have regard to public policy. Each case makes a certain sort of precedent, and such precedent should be used in the light of the policy. It is further to be considered, that the plaintiff was bound to show affirmatively, why the employment of two counsel was necessary. One of them was the plaintiff’s attorney. As attorney, he would not be entitled, except under special conditions, to such an amount as one-half of the allowance would be. As counsel, there was not shown to be any necessity for another. The same is true of the associate counsel. Either of those gentlemen was fully able to conduct the litigation singly.
I am, therefore, of the opinion, that no greater allowance should have been made for services rendered up to July, 1884, than $1,500. If the defendant had done nothing under the order, it would be proper to proceed without further remark to modify it, in respect of the amount given by it. The defendant, however, has paid over under the order. It is suggested that this court has power to absolutely direct that the plaintiff repay the excess. My opinion is that the mere modification of the order does not give the defendant a right to such direction. To give *366 the defendant a right to restitution, by order or by action, if indeed there is a right of restitution, depends upon facts outside of this record that will have to be considered with it, should any demand for restitution be made. The same may be said of a suggestion, that the order should be so modified as to apply the excess to compensation for services after July, 1884. Without any other modification than the reduction of the amount, certain results will follow, as to the effect of the order upon any subsequent proceeding on the part of plaintiff or of defendant. What that effect shall be, or whether there should be any effect, must be determined in any proceeding that may be hereafter taken.. The mere fact of payment under the order does not necessarily result in the defendant having no substantial interest in a modification by the reduction of the amount.
The payment by defendant was made the ground of a motion to dismiss the appeal, on the proposition that he thereby gained leave to compel plaintiff to proceed in the action, and for himself to proceed, and without payment he would not have had leave. The direction for payment was unconditional. If there had been no further proceedings, payment could have been enforced. The allowance regarded past proceedings. The right to proceed and to compel plaintiff were the consequences of the payment and formed no condition of the order to pay.
The motion to dismiss appeal is denied, without costs. The order appealed from is to be modified by reducing the amount of the allowance for expenses to $1,500, and as so modified, affirmed, without costs.
O’Gorman, J., concurred.